# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO TYSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-132** |
| **ROBERT C. TANNER - WARDEN, ET AL.** | **SECTION: "A"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Antonio Tyson, a state prisoner, filed this *pro se* complaint against Robert C. Tanner,[1] James LeBlanc,[2] and "Various Disciplinary Boards." In this lawsuit, plaintiff claims that his due process rights were violated at unspecified times by various disciplinary boards in a unspecified number of prison disciplinary proceedings. He also claims that he submitted administrative grievances to Tanner and LeBlanc regarding these violations but those defendants failed to take any actions to remedy the violations.

Plaintiff further alleges that he filed an action asserting these same claims in the Louisiana Twenty-Second Judicial District Court on January 22, 2009. The state court granted plaintiff pauper status but, pursuant to La.Rev.Stat.Ann. § 15:1186(B)(2), stayed the proceedings until all court costs and fees were paid.

---

[1] Tanner is the Warden of the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.

[2] LeBlanc is the Secretary of the Louisiana Department of Public Safety and Corrections.

In the instant lawsuit, plaintiff seeks the following forms of relief: (1) a declaratory judgment that the disciplinary procedures violated his due process rights and an order enjoining same; (2) a declaratory judgment that the retroactive application of La.Rev.Stat.Ann. § 15:571.4(B)(4) in the disciplinary proceedings violated his rights and an order enjoining same; (3) a declaratory judgment that the findings of guilt and loss of good-time credit in the disciplinary proceedings violated his right to due process; (4) a declaratory judgment that the application of La.Rev.Stat.Ann. § 15:1186(B)(2) in the state court proceedings violated his rights and an order enjoining same; and (5) other unspecified monetary and equitable relief.

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –

>           (i) is frivolous or malicious;
>           (ii) fails to state a claim on which relief may be granted; or
>           (iii) seeks monetary damages against a defendant who is immune
>           from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[3] the Court nevertheless finds that the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

II. *Habeas Corpus* Relief

As an initial matter, the Court notes that to the extent that plaintiff is seeking to have his disciplinary convictions invalidated and good-time credit restored, no such relief can be granted in this § 1983 action. Those forms of relief can be obtained only in a *habeas corpus* proceeding brought pursuant to 28 U.S.C. § 2254. See Mahogany v. Stalder, 242 Fed. App'x 261, 263 (5th Cir. 2007); Coleman v. Department of Public Safety and Corrections, 231 Fed. App'x 375, 376 (5th Cir. 2007); Muhammad v. Weston, 126 Fed. App'x 646, 648 (5th Cir. 2005); *In re* Cain, 137 F.3d 234, 236 (5th Cir. 1998).[4]

III. Plaintiff's Challenge to La.Rev.Stat.Ann. § 15:1186(B)(2)

As noted, the state district court, acting pursuant to La.Rev.Stat.Ann. § 15:1186(B)(2), stayed plaintiff's civil lawsuit until all court costs and fees were paid. Plaintiff challenges the constitutionality of § 15:1186(B)(2). That challenge fails for two reasons. First, plaintiff has not named a proper defendant with respect to the claim. Second, and more importantly, the claim has no merit, in that federal courts have repeatedly held that § 15:1186(B)(2) is constitutional. See, e.g.,

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[4] This general rule does not, of course, prevent an inmate from seeking *monetary damages* for due process violations in his disciplinary proceedings; however, any award of "damages cannot encompass the 'injury' of being deprived of good-time credits, and must stem solely from the deprivation of civil rights." Mahogany, 242 Fed. App'x at 263 (internal quotation marks omitted).

4

Clifford v. Louisiana, No. 08-30757, 2009 WL 2870156, at *2 (5th Cir. Sept. 8, 2009); Newson v. Alford, Civ. Action No. 09-6595, 2009 WL 4799146, at *1 and *3 (E.D. La. Dec. 4, 2009); Hamilton v. Attorney General of Louisiana, Civ. Action No. 07-3600, 2008 WL 1836670, at *6-9 (E.D. La. Apr. 23, 2008); Mahogany v. La.R.S. 15:1186(A)(2) and (B)(2)(a), Civ. Action No. 07-1280, 2007 WL 1851941, at *2-6 (E.D. La. June 27, 2007), aff'd, 262 Fed. App'x 636 (5th Cir. 2008), cert. denied, 129 S.Ct. 53 (2008).

### IV. Plaintiff's Claims Against "Various Disciplinary Boards"

In this lawsuit, plaintiff alleges that "Various Disciplinary Boards" denied him due process in disciplinary proceedings. He further complains that the boards violated his federal and state constitutional rights by retroactively applying the provisions of La.Rev.Stat.Ann. § 15:571.4(B)(4) governing the forfeiture of good-time in those proceedings.

Those claims should be dismissed because plaintiff has not named a proper defendant. The naming of "Various Disciplinary Boards" is improper, because prison disciplinary boards are not juridical entities capable of being sued. Hill v. Winn Correctional Center, Civ. Action No. 09-403, 2009 WL 3180055, at *5 (W.D. La. Sept. 30, 2009). To the extent that plaintiff was attempting to sue the various individuals who sat on those boards, he failed to properly identify those persons, and it is clear that "claims against ... unidentified defendants fail to state a claim for which relief can be granted and are otherwise frivolous." August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); see also Hill v. Strain, Civ. Action No. 08-4768, 2010 WL 111062, at *3 (E.D. La. Jan. 11, 2010); Francis v. Terrebonne Parish Sheriff's Office, Civ. Action No. 08-4972, 2009 WL 4730707, at *3 (E.D. La. Dec. 9, 2009); Carter v. Strain, Civ. Action No.

5

09-3401, 2009 WL 2390808, at *3 (E.D. La. July 31, 2009); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

V.  Plaintiff's Claims Against Secretary James LeBlanc and Warden Robert C. Tanner

Plaintiff next claims that Secretary LeBlanc and Warden Tanner "breached their duties to correct constitutional errors caused by their employees once brought to their attention thru various A.R.P.'s."[5]  However, it is clear that a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction, and, therefore, he cannot hold officials liable for failing to take corrective action based on the allegations made in such grievances.  Pressley v. Beard, 266 Fed. App'x 216, 218 (3rd Cir. 2008); Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999); Barghouti v. Holder, Civ. Action No. 09-318, 2009 WL 3518150, at *3 (S.D. Ill. Oct. 28, 2009); Torrealba v. Hogsten, Civ. Action No. 3:CV-06-0108, 2009 WL 3242293, at *7 (M.D. Pa. Oct. 8, 2009); Carney v. Johnson, No. 1:09-cv-598, 2009 WL 2777174, at *5 (W.D. Mich. Aug. 28, 2009); Cantley v. Armstrong, No. 1:08-cv-1044, 2008 WL 5382464, at *3 (W.D. Mich. Dec. 22, 2008); Franks v. Waite, No. 04-3396, 2008 WL 4307651, at *2 (D. Kan. Sept. 19, 2008); Romero v. Lann, Civ. Action No. 5:06cv82, 2007 WL 2010748, at *21 (E.D. Tex. July 6, 2007), aff'd, 305 Fed. App'x 242 (5th Cir. 2008); George v. Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Minix v.

---

[5] Rec. Doc. 1, p. 3.

Blevins, Civ. Action No. 6:06cv306, 2007 WL 1217883, at *30 (E.D. Tex. Apr. 23, 2007); Praylor v. Partridge, No. 7-03-CV-247BD, 2005 WL 1528690, at *2 (N.D. Tex. June 28, 2005).[6]

## VI. State Law Claims

Plaintiff indicates that he is also asserting claims under state law. However, if plaintiff's federal claims are dismissed as recommended, it is appropriate for the Court to decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction."); see also Jackson v. Mizzel, No. 09-30667, 2010 WL 183490, at *3 (5th Cir. Jan. 20, 2010) ("Because [the plaintiff] states not one valid federal claim, the district court properly declined jurisdiction over his Louisiana causes of action."); Bass v.

---

[6] The Court further notes that, to the extent that plaintiff is suing Warden Tanner and Secretary LeBlanc in their official capacities for monetary damages, those claim fails for additional reasons.

First, Tanner and LeBlanc are officials or employees of the Louisiana Department of Public Safety and Corrections. See, e.g., Jackson v. Mizell, Civ. Action No. 09-3003, 2009 WL 1792774, at *2 (E.D. La. June 23, 2009) (Knowles, M.J.), adopted, 2009 WL 2176113 (E.D. La. July 20, 2009) (Barbier, J.), aff'd, No. 09-30667, 2010 WL 183490 (5th Cir. Jan. 20, 2010). State officials and employees sued in their official capacities for monetary damages are not "persons" subject to suit under 42 U.S.C. § 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); Jackson, 2009 WL 1792774, at *2; American Civil Liberties Union v. Blanco, 523 F.Supp.2d 476, 479 (E.D. La. 2007); Searls v. Louisiana, Civ. Action No. 08-4050, 2009 WL 653043, at *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, Civ. Action No. 07-1694, 2008 WL 2018294, at *3 (E.D. La. May 8, 2008).

Second, even if they were considered "persons" subject to suit in this case, the claims would still fail for another reason. Because a claim against a state official or employee in his official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Jackson, 2009 WL 1792774, at *2

Parkwood Hospital, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims.").

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's federal claims against Robert C. Tanner, James LeBlanc, and "Various Disciplinary Boards" be **DISMISSED WITH PREJUDICE**.

It is **FURTHER RECOMMENDED** that plaintiff's state law claims against those defendants be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[7]

New Orleans, Louisiana, this third day of February, 2010.

          **SALLY SHUSHAN**
          **UNITED STATES MAGISTRATE JUDGE**

---

[7] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.